Chancery.

Case 11.

December 21.

## Cox *vs.* Cates.

### ERROR TO FRANKLIN CIRCUIT.

Chief Justice Hise delivered the opinion of the court,

Vendor of land held a lien for the price, assigned a note for the purchase money, and afterwards re-purchased the land from his vendee and sold it to an innocent purchaser, who had no knowledge that the note given upon the first sale was not paid—held that the vendor and assignor having purchased with full knowledge of an outstanding lien, and conveyed to an innocent purchaser without notice of the insolvency of the obligor, was liable in chancery, to the assignee, in case of the insolvency of obligor, though there had not been such diligence as to render him liable at law.

Case stated.

It appears from the pleadings and exhibits in this case, that A. P. Cox, E. H. Taylor, and P. & J. Swigert were joint owners of a tract of land, the legal title to which, however, was vested wholly in Cox; that Cox made sales and conveyances of portions of this to various persons, and amongst others he sold 185 acres and a fraction to J. D. Robinson for the sum of $1,854 17, for which sum Robinson delivered several notes payable to Cox, including the note exhibited by O. G. Cates in his bill. It is stated in this, and doubtless in each of the notes on J. D. Robinson, that it was given in "part consideration of a piece of

land sold to him, the obligor, by Cox." After this sale a division took place between the Swigerts, Taylor, and Cox, of the remaining land unsold, and the notes which had been taken by Cox from the purchaser for the land which he had sold. In this division, it seems that Cox retains his portion or interest wholly in the land remaining unsold, and Taylor gets his share in unpaid notes given for purchase money made payable to Cox, and assigned by him to Taylor, including the note exhibited in the complainant's bill, and which was afterwards assigned by Taylor to Cates, the complainant in this suit. It appears that Taylor, feeling perfectly secure, doubtless from the conviction founded upon his knowledge of the facts, and warranted by the statement in the note itself, that the land sold by Cox to Robinson was bound for the debt, and that he held a lien upon it for the payment of this and the other notes received in the division, he fails to prosecute suit upon the note against the obligors in the time, or with the diligence, required to charge Cox legally, for its amount, as his assignor. Taylor sold and assigned the note to Cates, who doubtless purchased the same upon the faith of the real security provided for its payment as shown upon its face. Cates sued Robinson, the obligor at law, upon the note, recovered judgment, upon which he procured an execution to be issued, which was returned "no property" by which the debt or any part of it could be made. Cates then, as the owner of the claim, brings this suit in chancery demanding general and equitable relief; he asks that the lien upon the land sold be enforced, or if that cannot be done, he asks to be substituted in the place of Taylor the assignee of Cox, and his assignor, and for a personal decree against Cox, for the debt, charging that he, Cox, had purchased the land back from Robinson, upon which the lien attached and existed, after he had assigned this note to Taylor, and that he had sold and conveyed the same to Jabez Robinson and L. A. Thomas, who are also made defendants. Cox

in his answer admits the facts as stated, and that he procured the land back from J. D. Robinson by some exchange of lands, and that he afterwards sold and conveyed a part of the same land to said Thomas, and the residue to Jabez Robinson. Thomas answers and claims to be an innocent purchaser, without notice of the lien, and Jabez Robinson, being constructively served as a non-resident, is entitled to the benefit of the traverse entered in his behalf as imposing upon the complainant the burthen of proof to establish the facts necessary to charge the land in his hands; that is, to show that he purchased with notice of complainant's lien.

There is no proof whatever upon which to base a decree to subject the land itself. Jabez Robinson and Landon A. Thomas must be regarded as innocent purchasers, without notice, as the contrary does not appear from any evidence in the cause, and as it is implied from the allegations in complainant's bill, that they had received conveyances from Cox, and had paid him the purchase money for the land sold to them. But Cox, who had full notice of the lien, who had sold and conveyed the land himself, who knew very well that the land in the hands of J. D. Robinson was under a lien to secure the unpaid purchase money to Taylor, to whom he, as the payee, had himself transferred the notes of J. D. Robinson, has made himself responsible for this debt, because he had actual notice of the lien, and he either knew or ought to have known, as he could and should have inquired as to the fact, that this note for purchase money was unpaid. The presumption arises then, that in taking the land back from J. D. Robinson, the terms upon which it was done, were controlled and fixed upon the hypothesis that it was properly chargeable in the hands of either Robinson or Cox to the payment of the unpaid purchase money. It would be inequitable, that in the division of the partners in the land that Cox should get the solid acres, and that Taylor, or his assignees,

Vendor of land held a lien for the price, assigned a note for the purchase money, and afterwards re-purchased the land from his vendee and sold it to an innocent purchaser, who had no knowledge that the note given upon the first sale was not paid—held that the vendor and assignor having purchased with full knowledge of an outstanding lien, and conveyed to an innocent purchaser without notice of the insolvency of the obligor, was liable in chancery, to the assignee, in case of the insolvency of obligor, though there had not been such diligence as to render him liable at law.

should get nothing but paper promises to pay, given by the purchaser who becomes insolvent, and to be then deprived of the lien on the land, which the face of the notes showed existed at the time of Cox's transfer of them to Taylor, by Cox himself; and that Cox should be exempt from responsibility to the holder of the notes, after he had thus himself defeated, in violation of a duty legally resting upon him to preserve it, the lien upon the land, by the existence of which, doubtless, Taylor was induced to take the notes on the division instead of a portion of the land itself.

Cox should be held personally responsible to Taylor, or his assignees, upon the state of case presented in the pleadings: 1. Because Taylor received the notes in place of his interest in the land, which constituted the consideration of them, and a lien upon which existed at the time to secure their payment, as shown upon the face of the notes. 2. Because Cox, who had full notice of the facts, who sold the land to Robinson, and took his notes payable to himself for the purchase money, and assigned them to Taylor in lieu of his interest in the land, then himself steps in and defeats the lien upon the land itself, by getting it back from J. D. Robinson, and afterwards conveying to innocent purchasers from himself. 3. Because Cates, the complainant, as an innocent assignee of the note for a valuable consideration may, in equity, be substituted in the place and to the rights of Taylor. The attitude of Cox in this case is substantially analogous to that of a fraudulent grantee of land, who, after he has sold and conveyed it away to an innocent purchaser, may be held personally responsible to the creditors of the grantors in money, for the value of the property which had thus, by the improper and fraudulent conduct of the grantee, been placed beyond the reach of those creditors. Here the land was chargeable with the complainant's demand, as Cox knew, yet he himself deprives Taylor of his lien by purchasing the land himself, and afterward con-

veying it to others in whose hands it cannot be made chargeable, because they were, although Cox was not, innocent purchasers without notice.

The court below, by its decree erroneously subjected the land, and directed the sale of so much thereof as might be necessary to pay the debt, interest, and costs, although there was no evidence whatever in the cause to sustain the allegations of notice in the bill, or to overcome the denials in the answer of Thomas, and of the traverse entered for Jabez Robinson, upon the question of fact as to their being innocent purchasers or otherwise. The complainant's bill itself seems to admit the land was conveyed to said Thomas and J. Robinson upon an executed consideration.

Wherefore the decree of the circuit court is reversed, and cause remanded with direction that a decree be rendered in favor of the complainant, Cates, against the defendant, Cox, for the amount of the judgment in favor of Cates against J. D. Robinson, as exhibited in complainant's bill, with all interest and costs due thereon, and the costs of suit in the circuit court.

*Lindsey*, for plaintiff; *Cates*, for defendant.